

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-18-00788-CR, 04-18-00789-CR, 04-18-00790-CR & 04-18-00791-CR

The **STATE** of Texas,
Appellant

v.

Winston Robert **MODISETTE**,
Appellee

From the County Court, Kinney County, Texas
Trial Court Nos. 10115CR, 10116CR, 10117CR & 10118CR
Honorable Spencer W. Brown, Judge Presiding

PER CURIAM

Sitting:     Sandee Bryan Marion, Chief Justice
             Rebeca C. Martinez, Justice
             Liza A. Rodriguez, Justice

Delivered and Filed: July 17, 2019

DISMISSED FOR LACK OF JURISDICTION

On October 22, 2018, the State filed a notice of appeal seeking to appeal an order entitled "Order on Motion to Recuse and Jeopardy Motion for Dismissal" entered in each of the underlying causes. The notice of appeal stated it was being filed pursuant to articles 44.01(a)(1) and (4) of the Texas Code of Criminal Procedure which authorizes an appeal by the state of an order dismissing an indictment, information, or complaint or an order sustaining a claim of former jeopardy. TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1), (4). The order in each of the underlying causes stated, "It is Ordered, Adjudged and Decreed that the Motion to Recusal [sic] is DENIED

and the verbal Jeopardy Motion is GRANTED." Therefore, because the order appeared to grant a jeopardy motion for dismissal, this court appeared to have jurisdiction to consider the appeals.

In an order dated December 21, 2018, this court noted its interpretation of the trial court's order, stating, "the State also seeks to appeal the dismissal of the underlying causes through an order sustaining a claim of jeopardy." The State's brief contained language consistent with this court's interpretation of the trial court's order. For example, the State's brief stated, "a trial judge is without jurisdiction to dismiss a criminal case as a sanction," and "the law and the record do not support the sanctions and dismissal orders entered in this case."

Kinney County's reply brief, however, questioned this court's jurisdiction to consider these appeals, asserting "While this Court has limited jurisdiction to hear this matter as a petition for mandamus relief, the Court does not have jurisdiction to hear this matter on appeal under the cited provisions of the Code of Criminal Procedure as there has not been a final order issued in the currently pending criminal cases." The brief further asserted the order the State seeks to appeal "does not dismiss the pending criminal case in any of the above captioned cases." Although the brief conceded "there may be ambiguity as to what Judge Brown meant in his written order," the brief asserted "no order dismissing the case on a claim of jeopardy has issued."

On May 8, 2019, this court ordered the State to show cause why these appeals should not be dismissed for lack of jurisdiction because it appeared from statements made in Kinney County's reply brief that the underlying causes had not been dismissed. *See* Tex. R. Civ. P. 18a(j)(1)(A) (providing order denying motion to recuse may be reviewed only on appeal from the final judgment); *Muhammad v. State*, No. 08-18-00125-CR, 2018 WL 3751742, at *1 (Tex. App.—El Paso Aug. 8, 2018, no pet.) (quoting Tex. R. Civ. P. 18a(j)(2) which provides an order 'denying a motion to disqualify may be reviewed by mandamus and may be appealed in accordance with other law' but stating no 'other law' allows an interlocutory appeal of an order denying a motion to

disqualify in a criminal case) (not designated for publication); *Hranicky v. State*, No. 01-11-00557-CR, 2013 WL 1804495, at *1 (Tex. App.—Houston [1st Dist.] Apr. 30, 2013, pet. ref'd) (rejecting argument that court had jurisdiction to consider appeal that involved the denial of a motion to disqualify a trial judge on due process grounds) (not designated for publication) (noting appellate court abated case to trial court for clarification of order).

On June 5, 2019, the State filed a response to our show cause order in which the State appeared to acknowledge the trial court's order is ambiguous. In its reply brief, Kinney County directly acknowledged the order is ambiguous. Because the order is ambiguous, we abated these appeals to the trial court for Judge Spencer W. Brown to clarify whether the underlying causes have been dismissed or are still pending. *See Hodo v. State*, 419 S.W.3d 382, 385 (Tex. App.—Amarillo 2010, order) ("If an appellate court is uncertain about the intent of an order to finally dispose of all claims, it can abate the appeal to permit clarification by the trial court."); *Munoz v. State*, No. 05-90-00257-CR, 1991 WL 98682, at *1 (Tex. App.—Dallas June 10, 1991, no pet.) (noting appeal was abated for trial court to clarify order); *cf. Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001) ("If the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court.").

On June 26, 2019, Judge Brown signed a clarification order stating his prior order denied the motion to recuse Judge Tully Shahan but the underlying causes are still pending. Because this court does not have jurisdiction to consider an interlocutory order denying a motion to recuse or motion to disqualify a trial judge, these appeals are dismissed for lack of jurisdiction. *See* TEX. R. CIV. P. 18a(j)(1)(A); *Muhammad*, 2018 WL 3751742, at *1; *Hranicky*, 2013 WL 1804495, at *1. All pending motions in these appeals are denied as moot.

PER CURIAM

DO NOT PUBLISH